[No. 10551.  Department Two.  November 4, 1912.]

MUTUAL ADJUSTMENT COMPANY, *Appellant*, v. CHARLES A.
OUELLETTE, *Respondent*.[1]

CORPORATIONS — OFFICERS—SALARIES—RESOLUTION—CONSTRUCTION.
A resolution fixing the salaries of two officers of a corporation at
$50 and $30 per week, "it being understood that the said salaries
would be paid out of the net proceeds of the business," makes the
salaries conditional, and the only fund out of which they can be
paid is the net proceeds during the time the offices were held.

Appeal from a judgment of the superior court for King
county, Tallman, J., entered April 6, 1912, in favor of the
defendant, after a trial on the merits, in an action on con-
tract.  Reversed.

*Lewis, Lohmann & Levine*, for appellant.

*James T. Lawler*, for respondent.

MORRIS, J.—On May 10, 1911, the Ouellette-Sheehan
Company, a corporation engaged in the commission business
at Seattle, through its trustees, adopted a resolution fixing
the salaries of respondent as president, secretary and treas-
urer of the company, and Thos. M. Sheehan as sales man-
ager. This resolution reads as follows:

"Thereupon by unanimous vote, the salary of C. A.
Ouellette, acting in three different capacities, was fixed at
$50 per week, and the salary of Thomas M. Sheehan at $30
per week, it being understood that the said salaries would
be paid out of the net proceeds of the business."

The question presented on this appeal is the amount re-
spondent was entitled to draw as salary under the above reso-
lution.  It seems to us too plain for argument that there is
but one possible interpretation to be placed upon the lan-
guage of this resolution, and that is that the salaries were
not to be paid in any event, but only out of the net proceeds

[1]Reported in 127 Pac. 301.

of the business.    To hold otherwise is to rob the resolution of its own understanding of its meaning and purpose, as it has defined such understanding in specifying the "net proceeds" as the only fund out of which salaries could be paid. It is conceded that the net proceeds of the business during the time respondent was connected with it were $1,413.16. Under this resolution it is plain respondent would be entitled to five-eights of such sum and Sheehan the remaining three-eighths.    This division would fix the amount respondent was entitled to draw at $883.22.    Respondent seems to have believed himself entitled to draw $50 per week in any event, irrespective of proceeds or profits; and, acting under this belief, drew $1,160.12, which is $276.90 more than he was entitled to draw.    The corporation assigned its claim for this overpayment to appellant, and suit was brought for its recovery.    The court below upon the hearing dismissed the action, and this appeal was taken from such dismissal.

No findings were made by the court, so that we are unable to understand the reasons for the ruling, unless it is the court was of the opinion, as alleged by respondent in his answer, that the Ouellette-Sheehan Company agreed to pay respondent a salary of $50 per week.    We find no evidence of any change in the resolution as first adopted, respondent contenting himself with contending that Sheehan, Crowley and himself, the stockholders, believed the salaries to have been unconditionally fixed at $50 and $30 per week.    The resolution not being susceptible of such a construction, we cannot follow it, and the judgment is reversed.

Mount, C. J., Main, Ellis, and Fullerton, JJ., concur.